EASON *v.* SIMON.

Opinion delivered January 20, 1930.

*Mahony, Yocum & Saye,* for appellant.

*Powell, Smead & Knox,* for appellee.

MEHAFFY, J.   On the 24th day of January, 1928, Sol Simon, one of the appellees, entered into an agreement with certain landowners in Union County, Arkansas, for the purpose of drilling for oil and gas on certain lands, and the landowners, above mentioned, executed leases to the oil, gas and mineral to Sol Simon. Simon agreed

to begin actual drilling on some part of the land described in the leases within 40 days.

On the 4th day of April, Simon entered into an agreement with A. A. Eason, leasing from Eason a drilling rig. This contract provides that Simon was to pay Eason $500 at the setting of the surface casing, and he was to have the use of the rig for 45 days, after the 24th day of April, 1928. Simon agreed to make a further payment of $500 when the casing had been set, and when a depth of 1,000 feet had been reached. The contract provided that, if the sums were not paid promptly, under no consideration should the rig be held by Simon without the payment of said moneys. The contract also provided that, if drilling operations were not completed within 45 days from the 24th day of April, 1928, all of said payments would be due and payable, and that the rig should be returned to Eason. The contract, however contained the following additional paragraph:

"As an additional consideration, the said first party herein obligates himself, and hereby agrees to execute to the second party herein, an assignment of an oil and gas lease covering the N½ of the NW¼ of the SE¼ of section 21, township 17 south, range 14 west, being land now owned by Davidson, now held by J. K. Mahony and Asa Morrison, in escrow, pending the drilling of said well; the second party giving, however, as a consideration, back to the first party herein, an oil payment of $10,000 out of 7/32 of the first oil when, as, and if, produced from said lease. The assignment of said lease to be made by the second party herein to the first party herein as quickly as the same shall be released from escrow."

Simon was unable to drill the well, and, on the 26th day of April, 1928, entered into a contract with the Root Refineries, Inc., whereby the Root Refineries, Inc., undertook to drill the well, and carry out the contract with Eason. The Root Refineries, Inc., however, did not complete the well within the time specified, but kept the drill-

ing rig some days longer, and Eason claimed that he had entered into a contract with the Root Refineries, Inc., whereby he let them have the drilling rig for a certain number of days, but that they had kept it a longer time, and that its rental value, during the time they kept the rig in excess of the time specified, was $750.

After the Root Refineries, Inc., entered into the contract with Simon, it paid Eason the $1,000. Eason seeks to recover in this suit against both the Root Refineries, Inc., and Simon, $20,000 for failure to assign to him the lease of the land, described in the last paragraph of the contract, between Simon and Eason. That is, the N½ of the NW¼ of SE¼ of section 21, township 17 south, range 14 west.

The only controversy is about the one-fourth interest in said lease owned by W. G. Grace. W. G. Grace was one of the landowners that had executed a lease to Simon. Grace was the owner of one-fourth interest in the 20 acres, above described.

There was a great deal of evidence introduced, both documentary and oral, but it is unnecessary to set it out, because there are only two questions involved in this appeal. The first is, whether appellant was entitled to have the Root Refineries, Inc., and Simon to convey to him or assign to him the lease from Grace, and the other question is, whether Eason is entitled to recover from the Root Refineries, Inc., for keeping the drilling rig longer than the time specified in the contract. As to whether Eason is entitled to recover for the failure of the other parties to convey to him, or assign to him, the lease above mentioned depends upon a consideration of the contract. This is not at all free from doubt.

The cardinal rule in the interpretation of contracts, as this court has many times held, is to ascertain the intention of the parties, and give effect to that intention, if it can be done consistently with the legal principles. It is a well established rule that parties should be bound for what they intended to be bound for, and no more.

To hold any one bound further would be to impose on him an obligation which he never assented to, never intended to take upon himself; and would be unjust and unwarranted. The intention of the parties, however, and the meaning of the contract, is determined from the contract itself, if unambiguous.

The leases by Grace and other landowners had already expired before the contract was entered into between Simon and the Root Refineries, Inc., and no one had any rights under these contracts or leases at all. Eason and Simon both knew this, and the Root Refineries, Inc., knew it. All of them knew that, to proceed with the drilling, it was necessary to obtain from the landowners an extension of time. All of them agreed to this, and granted the extension, except Grace, who owned a one-fourth interest in the 20 acres. Grace did not agree.

It is the contention of the appellant that his contract called for the absolute conveyance of the mining lease on the above-described property, and he also contends that he is entitled to receive a conveyance, or title, that he can hold against all adverse comers, and without reasonable apprehension of its being assailed. There is no dispute about this principle of law, but the question here is the proper interpretation of the contract entered into between Eason and Simon. The parties knew that leases had been made by the landowners, because the contract between Eason and Simon showed that the land was owned by Davidson and held by J. K. Mahony and Asa Morrison, and all of the parties knew of the condition of said leases, and the paragraph providing for an additional consideration recites that, the assignments are held by Mahony and Morrison in escrow, pending the drilling of said well. That means, of course, that they are held in suspense during the pendency of the drilling of the well, or while awaiting, or until the conclusion of, the drilling of said well. It was known at the time the contract was entered into between Simon

and the Root Refineries, Inc., that the conveyance by Simon to Eason of the Grace lease was impossible. That could not be done, and a contract will not be so construed as to impose an absurd or impossible condition on either of the parties. It will be so construed and interpreted as the parties must be supposed to have understood the conditions at the time. All of the contracts and leases must be taken into consideration, and all the circumstances, and, when they are all considered, as they must be, we think the conclusion that it was not the intention of the parties to require this impossibility is proper.

The contract entered into between Simon and Eason was subject to the agreement between the landowners and Simon, and our conclusion is that the decree of the chancery court, holding that Eason was not entitled to recover against Simon or the Root Refineries, Inc., because of the failure to convey the property described, is correct.

Appellees have prosecuted a cross-appeal, and contend that the decree of the chancellor for $750, in favor of Eason against the Root Refineries, Inc., should be reversed. We do not agree with appellees in this contention. There is no controversy about the Root Refineries, Inc., using the drill longer than the time specified in the contract; but it is contended by appellees that Eason sold the rig to another party, and that the other party gave the Root Refineries, Inc., the right to use it, without paying anything therefor. The evidence is in conflict. The Root Refineries, Inc., if it made an agreement with the party who purchased from Eason, did it after it had made the agreement with Eason. Then Eason testifies that when he sold it he was to have the rental from the Root Refineries, Inc. The finding of the chancellor on this proposition is not contrary to the evidence.

We have carefully considered all of the evidence, both oral and documentary, and it would serve no useful purpose to set it out here. We have reached the

conclusion that the chancellor's findings are correct, and the decree is affirmed, both on direct and cross-appeal.